```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DEEP SOUTH ASSOCIATES LLC,

                        Plaintiff,
                                                                    REPORT AND
            -against-                                               RECOMMENDATION
                                                                    17-CV-3124 (DRH) (ARL)
HARBORBAY CONSTRUCTION INC.,

                        Defendants.
-----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Hurley, is the unopposed motion of the plaintiff, Deep South Associates LLC ("Deep South"), for an order striking the answer of the defendant, Harborbay Construction Inc. ("Harborbay"), entering a default judgment against the defendant and scheduling a hearing to assess damages. For the reasons set forth below, the Court respectfully recommends that the plaintiff's motion be granted.

## BACKGROUND

Deep South commenced this action against Harborbay on May 23, 2017, alleging that Harborbay failed to make payments for design and construction services provided by Deep South. Deep South alleged in its initial complaint that it was a limited liability company duly organized and existing under the laws of Louisiana, but it failed to allege the citizenship of the natural persons who were members of the company or the place of incorporation and principal place of business of any corporate entities who are members of the LLC. Accordingly, on May 26, 2017, District Judge Hurley issued an order to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction.

Upon receipt of the order to show cause, Deep South immediately filed an amended complaint, the operative pleading in this case, which addressed the defect noted in the Court's

order.  ECF No. 7.  Thereafter, the plaintiff served Harborbay with the amended complaint and, on July 5, 2017, Richman & Levine, P.C. filed a notice of appearance on behalf of the defendant. ECF No. 9.  After obtaining a short extension, Harborbay filed an answer to the amended complaint and asserted counterclaims against Deep South.  ECF No. 11.  Deep South then filed its reply to counterclaim, *see* ECF No. 14, and the case was automatically referred to arbitration given the amount in controversy.

On August 16, 2017, the parties received a notice from the Court scheduling the arbitration hearing for November 14, 2017 and requiring the parties to select an arbitrator by October 14, 2017.  ECF No. 13.  The following day, Deep South served defense counsel with a notice to produce and two notices of deposition.  On October 5, 2017, Harborbay requested an adjournment of the dates for arbitration and selection of an arbitrator and that request was granted.  The hearing was rescheduled to January 14, 2018, with the arbitrator to be selected by December 14, 2017.

In the interim, Deep South served the defendant with a demand for production of documents and a first set of interrogatories.  But, on December 12, 2017, Harborbay requested a second adjournment of the dates for arbitration and selection of an arbitrator.  ECF No. 16. That request was also granted, on consent, and the hearing was rescheduled to March 14, 2018, with the arbitrator to be selected by February 14, 2018.

On February 8, 2018, the defendant requested a third adjournment of the dates for

2

arbitration and selection of an arbitrator. ECF No. 17. This time, the plaintiff objected and asked the Court to order the defendant to comply with the outstanding discovery demands.

On February 9, 2018, over the plaintiff's objection, the third adjournment was granted, and the hearing was rescheduled to May 16, 2018, with the arbitrator to be selected by April 16, 2018. That order specifically stated that no further extensions would be granted. Nonetheless, on April 16, 2018, counsel for Harborbay moved to withdraw as attorney of record for the defendant. ECF No. 21. In the motion, counsel for the defendant acknowledged receipt of the discovery responses and alleged that Harborbay refused to cooperate in the discovery process. *Id.* On that same date, counsel for Deep South wrote to the Court summarizing what it characterized as an unreasonable delay resulting from the defendant's multiple adjournments of the arbitration hearing and its failure to respond to the plaintiff's discovery requests or to schedule depositions.

Once again, over the plaintiff's objection, the Court granted the motion for leave to withdraw and directed Harborbay to obtain new counsel by May 25, 2018. In that order, the undersigned warned Harborbay that a corporate defendant may not proceed *pro se* and that its failure to obtain counsel could result in sanctions including, on motion from the plaintiff, a recommendation that the answer be stricken and a default judgment entered. ECF No. 23. Despite the warning, as of this date, Harborbay has not retained new counsel nor has it responded to any of the outstanding discovery requests.

## DISCUSSION

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Second Circuit has applied broad meaning to the phrase "otherwise defend," and where, as here, a corporation has failed to appear by counsel, a default judgment may be entered against it pursuant to Rule 55. *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension, & Welfare Funds v. KND Const. Corp.,* No. 13-CV-6116 JS GRB, 2014 WL 6769292, at *1–3 (E.D.N.Y. Nov. 28, 2014) (citing *Grace v. Bank Leumi Trust Co.,* 443 F.3d 180, 192 (2d Cir. 2006)). The Second Circuit has done so because "'[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.'" *Id.* (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993)). As such, the "'failure to obey a court order to obtain counsel to allow a case to proceed can constitute a failure to defend' and may warrant the striking of a defendant's answer." *Id.* (quoting *Walter S. Johnson Bldg. Co. v. Majewski*, No. 09–CV1083, 2011 WL 5040672, at *2 (W.D.N.Y. Oct. 21, 2011)).

In this case, Harborbay was initially represented by Richman & Levine, P.C and filed a timely answer. However, the Court relieved defense counsel six months ago and stayed this action for thirty days to allow Harborbay to obtain new counsel. Nevertheless, to date,

4

Harborbay has failed to comply with this Court's directives to retain counsel. In addition, it has not responded to the instant motion despite having been served with the motion papers on May 30, 2018.

Although a default judgment is an extreme measure, it may be ordered after the court has considered "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *SEC v. Razmilovic,* 738 F.3d 14, 19 (2d Cir. 2013) (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)); *2W Prod. Corp. v. Y & P Wholesale, Inc.*, No. CV 07-0423, 2009 WL 29311 at *3 (E.D.N.Y. Jan. 5, 2009) (recommending that defendant's answer be stricken and a default judgment be entered) (citations omitted). Given Harborbay's course of conduct throughout this litigation, it is apparent to the undersigned that Harborbay is unwilling to engage in this litigation and that any lesser sanction than default judgment would merely delay the plaintiff's eventual recovery. In addition, Harborbay was explicitly warned of the consequences of noncompliance. Accordingly, the undersigned respectfully recommends that the defendant's answer and counterclaims be stricken and that a default judgment be entered against them.

Deep South has requested that the Court schedule a hearing to assess damages. To this end, the undersigned recommends that Deep South be directed to submit a supplemental

memorandum and supporting affidavits in support of its claim for damages as a hearing may not be necessary.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for the plaintiff is directed to serve a copy of this Order upon Harborbay immediately upon receipt of the report and to file proof of service on ECF.

Dated:  Central Islip, New York                     **SO ORDERED:**
        November 8, 2018

                                                        _____/s_____
                                                        ARLENE R. LINDSAY
                                                        United States Magistrate Judge