UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEEP SOUTH ASSOCIATES LLC,

                Plaintiff,

    -against-

HARBORBAY CONSTRUCTION INC.,

                Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
17-CV-3124 (DRH) (ARL)

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Hurley, is the unopposed motion of the plaintiff, Deep South Associates LLC ("Deep South"), for damages in connection with the default judgment entered on November 28, 2018. For the reasons set forth below, the Court respectfully recommends that the plaintiff be awarded $147,064.63 together with pre-judgment interest at the rate of 9% to be computed from August 10, 2016. The undersigned further recommends that the plaintiff's request for an award of attorneys' fees and costs be denied at this time with leave to renew.

## BACKGROUND

Deep South commenced this action against Harborbay Construction Inc. ("Harborbay") on May 23, 2017, alleging that Harborbay failed to make payments for design and construction services provided by Deep South. On June 8, 2017, in response to the Court's order to show cause, Deep South filed an amended complaint setting forth the citizenship of the natural persons who were members of its limited liability company. ECF No. 7. The amended complaint is the operative pleading in this case. On July 5, 2017, Richman & Levine, P.C. filed a notice of appearance on behalf of Harborbay. ECF No. 9. After obtaining a short extension, Harborbay filed an answer to the amended complaint and asserted counterclaims against Deep South. ECF

No. 11.  Deep South then filed its reply to counterclaims, *see* ECF No. 14, and the case was automatically referred to arbitration.

On August 16, 2017, the parties received a notice from the Court scheduling the arbitration hearing for November 14, 2017 and requiring the parties to select an arbitrator by October 14, 2017.  ECF No. 13.  The following day, Deep South served defense counsel with two notices of deposition.  On October 5, 2017, Harborbay requested an adjournment of the dates for arbitration and selection of an arbitrator and that request was granted.  The hearing was rescheduled to January 14, 2018, with the arbitrator to be selected by December 14, 2017.

In preparation for the arbitration, Deep South served the defendant with a demand for production of documents and a first set of interrogatories.  But, on December 12, 2017, Harborbay requested a second adjournment of the dates for arbitration and selection of an arbitrator.  ECF No. 16.  That request was also granted, on consent, and the hearing was rescheduled to March 14, 2018, with the arbitrator to be selected by February 14, 2018.  On February 8, 2018, Harborbay requested a third adjournment of the dates for arbitration and selection of an arbitrator.  ECF No. 17.  This time, the plaintiff objected to the extension and asked the Court to order the defendant to comply with the outstanding discovery demands.  On February 9, 2018, over the plaintiff's objection, the third adjournment was granted, and the hearing was rescheduled to May 16, 2018, with the arbitrator to be selected by April 16, 2018.  However, that order specifically stated that no further extensions would be granted.

On April 16, 2018, counsel for Harborbay then moved to withdraw as the attorney of record for the defendant. ECF No. 21. In the motion, counsel for the defendant acknowledged receipt of the discovery responses and alleged that Harborbay refused to cooperate in the discovery process. *Id.* On that same date, counsel for Deep South wrote to the Court summarizing what it characterized as an unreasonable delay resulting from the defendant's multiple adjournments of the arbitration hearing and its failure to respond to the plaintiff's discovery requests or to schedule depositions. Once again, over the plaintiff's objection, the Court granted the motion for leave to withdraw and directed Harborbay to obtain new counsel by May 25, 2018. In that order, the undersigned warned Harborbay that a corporate defendant may not proceed *pro se* and that its failure to obtain counsel could result in sanctions including, on motion from the plaintiff, a recommendation that the answer be stricken and a default judgment entered. ECF No. 23. Despite the warning, Harborbay failed to retain new counsel or to respond to any of the outstanding discovery requests.

On May 30, 2018, Deep South filed a motion to strike the answer and to issue a default judgment against Harborbay. That motion was referred to the undersigned. On November 8, 2018, having received no opposition from Harborbay, the undersigned recommended that the defendant's answer and counterclaims be stricken and that a default judgment be entered against it. In doing so, the Court determined that given Harborbay's course of conduct throughout the litigation and unwillingness to engage in this litigation, any lesser sanction than a default

judgment would merely delay the plaintiff's eventual recovery. By order dated November 28, 2018, Judge Hurley adopted the report and recommendation and directed Deep South to file a supplemental memorandum and affidavits in support of its claim for damages, which it did.

## DISCUSSION

A default "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). In this case, Deep South has submitted the affidavit of Earl Carr, one of its managing members. ECF No. 31. Carr avers that on April 2, 2016, Deep South had entered into an agreement with Harborbay pursuant to which Deep South agreed to lift and lower structures for Harborbay in connection with its construction jobs. Carr Aff., Ex. 2. Carr explains that following Hurricane Sandy certain municipalities required homes damaged by the storm to be elevated. *Id.* ¶ 4.

In furtherance of the agreement, Deep South provided its expertise, labor and materials to perform elevation work on a total of twenty (20) residences. *Id.* ¶ 5. The work fell into three categories: construction, design/survey/EC/Geo and bulkhead evaluations. *Id.* ¶ 6. According

to Carr, while Harborbay made certain payments against invoices for the above-described work, as of the date of submission of its papers, there remained an unpaid of $147,064.63. *Id.* ¶ 7. In addition, Deep South submitted copies of the invoices along with a summary of the work it performed broken down by category. *Id.* Ex. C. The Court finds the evidence submitted to be sufficient to support the award for damages and respectfully recommends that Deep South be awarded $147,064.63.

In addition, Deep South seeks to be awarded prejudgment interest pursuant to N.Y. C.P.L.R. § 5004 at a rate of nine percent (9%) per annum. In diversity cases, the New York State rules govern the award of prejudgment interest. *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, No. CV 09-599 ADS, 2012 WL 3637189, at *1 (E.D.N.Y. Aug. 22, 2012). Whether to award prejudgment interest, however, is entrusted to court's discretion. *New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 353–54 (E.D.N.Y. 2018); *see also Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000). Here, the undersigned sees no reason to depart from the common practice in this Circuit to grant interest at a rate of 9% per annum under New York State law. Accordingly, the undersigned further recommends that Deep South be awarded pre-judgment interest at the rate of 9% to be computed from August 10, 2016.

Finally, Deep South seeks to be awarded attorneys' fees in the amount of $49,021.05. Pursuant to the agreement entered into between Deep South and Harborbay, "[i]n the event of a

breach . . . by either party, the breaching party shall pay all reasonable attorney's fees, collection and costs of the other party incident to any action brought to enforce [the] agreement." Carr Aff. Ex. 2. Although the agreement supports the granting of an attorneys' fees award, the Court must, nonetheless, determine what is reasonable. As a general matter, where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Indeed, in *Arbor Hill*, the Second Circuit held that in calculating a "presumptively reasonable fee," courts must consider a multitude of case-specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of hours reasonably spent on the case. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 184, 190-91 (2d Cir. 2008). These factors include "complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively[,] the timing demands of the case, [and] whether an attorney might have an interest in achieving the ends of the litigation or might initiate the representation himself," *id.* at 184 – as well as the twelve factors the Fifth Circuit employed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required

6

to properly perform the relevant services; (4) the preclusion of other employment attendant to counsel's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases.  488 F.2d at 717-19.[1]

Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, see *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011).  In this case, Deep South negotiated a fee arrangement with Wilkofsky, Friedman, Karel & Cummins whereby Deep South agreed to pay the firm a sum equal to 33 1/3% of any monies recovered. Carr Ex. 4.  Because counsel requests a percentage fee, Deep South has not submitted any billing records from the firm.  However, "even where a court employs the percentage method, it must "cross-check" the percentage fee award against the lodestar to ensure reasonability."

---

[1] Although the *Perdue* decision cast doubt on the usefulness of the *Johnson* factors as a methodology for determining attorneys' fees, 130 S. Ct. at 1672, reference to the *Johnson* factors is still useful in calculating a presumptively reasonable fee in this Circuit.  See *Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 515 n.2 (S.D.N.Y. Apr. 29, 2015).

*Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 308 (E.D.N.Y. 2015). Accordingly, Deep South must submit copies of its counsel's contemporaneous time records, reflecting time spent and the activities performed, to be awarded attorneys' fees. For this reason, the undersigned recommends that the plaintiff's request for attorneys' fees and costs be denied with leave to renew.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for the plaintiff is directed to serve a copy of this Order upon Harborbay immediately upon receipt of the report and to file proof of service on ECF.

Dated: Central Islip, New York
　　　　May 13, 2019

　　　　　　　　　　　　　　　　　　　　　_____/s_____
　　　　　　　　　　　　　　　　　　　　　ARLENE R. LINDSAY
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge