UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEEP SOUTH ASSOCIATES LLC,

                              Plaintiff,

                -against-

HARBORBAY CONSTRUCTION INC.,

                            Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
17-CV-3124 (DRH) (ARL)

**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Hurley, is the renewed motion of the plaintiff, Deep South Associates LLC ("Deep South"), for an award of attorneys' fees and costs. For the reasons set forth below, the undersigned respectfully recommends that Deep South be awarded $28,035.00 in attorneys' fees concurrent with the entry of a default judgment against the defendant, Harborbay Construction Inc. ("Harborbay").

## BACKGROUND

On May 23, 2017, Deep South commenced this action against Harborbay, alleging that it failed to make payments for design and construction services provided by Deep South. On June 8, 2017, in response to the Court's order to show cause, Deep South filed an amended complaint setting forth the citizenship of the natural persons who were members of its limited liability company. ECF No. 7. The amended complaint is the operative pleading in this case. On July 5, 2017, Richman & Levine, P.C. filed a notice of appearance on behalf of Harborbay. ECF No. 9. After obtaining a short extension, Harborbay filed an answer to the amended complaint and asserted counterclaims against Deep South. ECF No. 11. Deep South then filed its reply to counterclaims, *see* ECF No. 14, and the case was automatically referred to arbitration.

The arbitration was adjourned three times over the plaintiff's objection. Then, in April

2018, one month before the arbitration was finally set to take place, counsel for Harborbay moved to withdraw as the attorney of record for the defendant. ECF No. 21. Counsel stated in his supporting papers that Harborbay had received numerous discovery requests and refused to cooperate in the discovery process. *Id.* Once again, over the plaintiff's objection, the Court granted counsel's motion for leave to withdraw and directed Harborbay to obtain new counsel by May 25, 2018. In that order, the undersigned warned Harborbay that a corporate defendant may not proceed *pro se* and that its failure to obtain counsel could result in sanctions including, on a motion from the plaintiff, a recommendation that the answer be stricken and a default judgment entered. ECF No. 23. Despite the warning, Harborbay failed to retain new counsel or to respond to any of the outstanding discovery requests.

On May 30, 2018, Deep South filed a motion to strike the answer and to issue a default judgment against Harborbay. That motion was referred to the undersigned. On November 8, 2018, having received no opposition from Harborbay, the undersigned recommended that the defendant's answer and counterclaims be stricken and that a default judgment be entered against the defendant. In doing so, the Court determined that given Harborbay's course of conduct throughout the litigation and unwillingness to engage in this litigation, any lesser sanction than a default judgment would merely delay the plaintiff's eventual recovery.

By order dated November 28, 2018, Judge Hurley adopted the report and recommendation and directed Deep South to file a supplemental memorandum and affidavits in

2

support of its claim for damages, which it did. Upon receipt, Deep South's motion for damages was also referred and, on May 13, 2019, the undersigned issues a second report and recommendation that Deep South be awarded $147,064.63, together with pre-judgment interest at a rate of 9% from August 10, 2016 to the date of judgment. However, the undersigned noted that Deep South had not submitted copies of its counsel's contemporaneous time records in support of its request for award of attorneys' fees totaling $49,021.05. Accordingly, the undersigned recommended that Deep South's request for an award of attorneys' fees and costs be denied with leave to renew. That report and recommendation was adopted in its entirety by Judge Hurley on June 5, 2019.

On June 14, 2019, Deep South submitted its renewed motion for attorneys' fees, the motion now before the Court. Deep South no longer seeks to be awarded attorneys' fees in the amount of $49,021.05 based on its contingency fee agreement. Its current request is for an award of attorneys' fees amounting to $28,035.00.

## DISCUSSION

As previously noted, the agreement entered into between Deep South and Harborbay provided for an award of attorneys' fees. ECF No. 32. Specifically, the agreement stated, "[i]n the event of a breach . . . by either party, the breaching party shall pay all reasonable attorney's fees, collection and costs of the other party incident to any action brought to enforce [the] agreement." *Id.* Nevertheless, the Court must determine what is "reasonable." As a general

3

matter, where a party is entitled to fees, the district court calculates the "presumptively reasonable fee" by the "lodestar" method, which entails determining the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011).   Indeed, in *Arbor Hill*, the Second Circuit held that in calculating a "presumptively reasonable fee," courts must consider a multitude of case-specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of hours reasonably spent on the case.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 184, 190-91 (2d Cir. 2008).   These factors include "complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively[,] the timing demands of the case, [and] whether an attorney might have an interest in achieving the ends of the litigation or might initiate the representation himself," *id.* at 184 – as well as the twelve factors the Fifth Circuit employed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).   The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to properly perform the relevant services; (4) the preclusion of other employment attendant to counsel's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or

the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases.  488 F.2d at 717-19.[1]

Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, see *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011).  In this case, Deep South negotiated a fee arrangement with Wilkofsky, Friedman, Karel & Cummins whereby Deep South agreed to pay the firm a sum equal to 33 1/3% of any monies recovered. ECF No. 32.  For this reason, counsel had not initially submitted any billing records from the firm.  However, "even where a court employs the percentage method, it must "cross-check" the percentage fee award against the lodestar to ensure reasonability." *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 308 (E.D.N.Y. 2015).

Guided by the Court's prior directive, counsel has now submitted an affidavit from Harry Cummins, a member of Wilkofsky, Friedman, Karel and Cummins, which annexes a

---

[1] Although the *Perdue* decision cast doubt on the usefulness of the *Johnson* factors as a methodology for determining attorneys' fees, 130 S. Ct. at 1672, reference to the *Johnson* factors is still useful in calculating a presumptively reasonable fee in this Circuit.  *See Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 515 n.2 (S.D.N.Y. Apr. 29, 2015).

contemporaneous hourly billing statement. Cummins Aff. Ex. 2. The Court has reviewed the submission and finds the hourly billing rate and the time expended to be reasonable. Accordingly, the Court now respectfully recommends that Deep South be awarded $28,035.00 in attorneys' fees concurrent with the entry of a default judgment against the defendant, Harborbay Construction Inc. ("Harborbay").

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for the plaintiff is directed to serve a copy of this Order upon Harborbay immediately upon receipt of the report and to file proof of service on ECF.

Dated: Central Islip, New York
February 28, 2020

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge